# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 17-CR-2043-LRR |
| vs. | **REPORT AND RECOMMENDATION ON SECTION 851 NOTICE** |
| DEVONTE DENTERRIO JENKINS, | |
| Defendant. | |

_____

This matter is before the Court on Devonte Denterrio Jenkins' ("defendant") motion to set aside and vacate Section 851 Notice. (Doc. 45). Defendant timely filed his motion and the Government timely filed its resistance. (Docs. 45, 46). Defendant's pleading was not, however, docketed as a motion and so the Court was not aware of the need for a ruling on the matter until defense counsel raised the issue during a status conference on December 4, 2017. The Honorable Linda R. Reade, United States District Court Judge, referred this matter to the undersigned for a report and recommendation. For the following reason, I respectfully recommend the Court **deny** defendant's motion.

A grand jury indicted defendant on one count of conspiracy to distribute cocaine base under 21 U.S.C. § 846 and thirteen counts of distribution of cocaine base under 21 U.S.C. § 841(a)(1). The conduct allegedly occurred between March 2015 and March 2017. (Doc. 4, at 1). Pursuant to 21 U.S.C. § 851 ("Section 851"), the indictment included a Notice of Prior Felony Drug Conviction, relying on a January 2015 deferred judgment defendant received in Iowa State Court for possession of cocaine base with the intent to deliver. Defendant now argues that the Court should not permit the Government to rely on the 2015 deferred judgment at sentencing because it is not a "final judgment."

If the Government intends to rely on a prior felony conviction as a basis for seeking an enhanced sentence, the Government must provide notice under Section 851. 21 U.S.C. § 851(a). If, however, the Court finds that the alleged prior conviction is not a "final conviction" within the meaning of Section 851, defendant is not subject to an enhanced sentence. *See* 21 U.S.C. § 851(d)(2).

The Eighth Circuit Court of Appeals has directly addressed whether a deferred judgment issuing from Iowa State Court qualifies as a final judgment. In *United States v. Funchess*, 422 F.3d 698 (8th Cir. 2005), the Court held:

> [Defendant] also argues that his [prior] conviction was not 'final' because it was a deferred judgment. His deferred judgment under Iowa law, however, was not expunged. We have held that even expunged prior deferred judgments in Iowa may be used for purposes of federal sentencing.

*Funchess*, 422 F.3d at 703. Further, an Iowa deferred judgment is a diversionary disposition that "'result[s] from a finding or admission of guilt, or a plea of *nolo contendere*.'" *United States v. Townsend*, 408 F.3d 1020, 1024 (8th Cir. 2005) (quoting U.S.S.G. § 4A1.2(f)). "[A] diversionary disposition resulting from a finding or admission of guilt in a judicial proceeding is counted as a sentence under Guidelines § 4A1.1(c), even if a conviction is not formally entered." *United States v. Lincoln*, 408 F.3d 522, 525 (8th Cir. 2005) (citation and internal quotation marks omitted) (alteration in original).

In the instant case, defendant entered a guilty plea to the alleged prior conviction and the court deferred judgment. (Doc. 45-1, at 1 ("The defendant entered a plea of guilty to the offense of Possession of Cocaine Base with Intent to Deliver, a class C felony, in violation of Iowa Code Section 124.401(1)(c).")). Defendant does not allege that this conviction has since been expunged for reason of innocence or legal error. As such, this is indeed a case where defendant's prior deferred judgment resulted from an admission of guilt. Whether the state court ultimately entered judgment against defendant

is therefore of no consequence.  *Lincoln*, 408 F.3d at 525.  *Lincoln* dictates that such a disposition may properly be considered a prior conviction for purposes of sentencing.  Therefore, I respectfully recommend the District Court **deny** defendant's motion to set aside or vacate the Government's Section 851 Notice.  (Doc. 45).

    **IT IS SO ORDERED** this 5th day of December, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa